UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

HERBERT APONTE,

                        Plaintiff,

- against -

ATLANTIC EXPRESS TRANSPORTATION,
also known as Amboy Bus Company;
AMALGAMATED TRANSIT UNION LOCAL
1181-1061; JOHN DOES 3-10,

                        Defendants.

**REPORT AND RECOMMENDATION**
**07 CV 5325 (CBA)(LB)**

-----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

On April 4, 2008, I recommended that plaintiff's *pro se* employment discrimination case should be dismissed for his failure to appear at the initial pretrial conference, his failure to show good cause, and his failure to provide a current address. By undated letter filed April 10, 2008, plaintiff requested that the Court not dismiss his case for his failure to appear because he has had difficulty receiving his mail. Plaintiff stated that he had not received any of the Court's Orders since January 2008. The Court granted plaintiff's request and withdrew the Report and Recommendation. The Court's April 16, 2008 Order gave plaintiff one last chance to timely appear for a rescheduled initial conference on May 21, 2008 at 2:00 p.m. The Order warned plaintiff that the Court would not accept problems with his mail or any other excuse for his failure to timely appear on May 21, 2008. I further warned plaintiff that if he failed to appear on May 21, 2008, I would reinstate the Report and Recommendation to dismiss this case under Rule 37(b)(2)(A)(v). The Court's Order was sent to plaintiff at his address on file with the Court and was not returned.

The Court held the conference in this case on May 21, 2008. Defendants' attorneys timely

appeared and the Court kept them for more than an hour past the time the conference was scheduled to start, in case plaintiff was delayed. Plaintiff failed to appear and has not contacted the Court or defendants' attorneys. I therefore reinstate my Report and Recommendation that plaintiff's case should be dismissed.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[i]f a party or its attorney . . . fails to appear at a scheduling or other pretrial conference; . . . or fails to obey a scheduling order or pretrial order . . . [o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court Order. See Federal Rule of Civil Procedure 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding pro se, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

Plaintiff was warned by the Court's April 16, 2008 Order that it would recommend that this action should be dismissed if plaintiff failed to appear on May 21, 2008. That Order was sent to plaintiff at his address on file with the Court and has not been returned. It is plaintiff's responsibility to keep the Court informed of his current address. See Roundtree v. Health and Hospitals Police Dept., No 06 Civ. 212 (SAS), 2007 WL 1428428, at *1 (S.D.N.Y. May 14, 2007) (citing to Hibbert v. Apfel, No. 99 Civ. 4246, 2000 WL 977683 (S.D.N.Y. July 17, 2000) (unpublished opinion)); see

also Pearson v. City of New York, et al., No. 04-CV-2280 (NG)(LB), 2006 WL 3511384 (E.D.N.Y. Dec. 5, 2006) (adopting Report and Recommendation to dismiss for *pro se* plaintiff's failure to update address); Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendant of current address is "an obligation that rests with all pro se plaintiffs"). When a *pro se* litigant fails to provide the Court with notice of a change of address and misses a Court conference as a result of this failure, the Court may deny that litigant relief. See, e.g., Dong v. United States, 02 Civ. 7751, 2004 WL 385117, at *3 (S.D.N.Y. March 2, 2004) (dismissing a *pro se* plaintiff's claim when the plaintiff failed to inform the court of his current address, causing the court to lose contact with him for two months).

Plaintiff failed to appear for his rescheduled initial conference as ordered. Plaintiff was explicitly warned that he had one last chance to timely appear and that I would reinstate my Report and Recommendation that this case should be dismissed under Rule 37(b)(2)(A)(v) if he failed to appear. I therefore recommend that the Court should dismiss plaintiff's action.[1]

## CONCLUSION

Accordingly, I reinstate my Report and Recommendation that plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(v). I further recommend that plaintiff should not be given reconsideration regarding his failure to appear.

---

[1] Moreover, the Court takes judicial notice that plaintiff has demonstrated a similar course of conduct in a separate case he filed in this Court. In Aponte v. Hobot, et al., plaintiff's second motion to vacate the judgment dismissing the case for failure to prosecute was recently denied. Aponte v. Hobot, et al., No. 06-CV-555 (CBA)(LB), slip op. (E.D.N.Y. May 14, 2008).

3

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: May 22, 2008
Brooklyn, New York