UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HERBERT APONTE,

                   Plaintiff,

        -against-

ATLANTIC EXPRESS TRANSPORTATION,
also known as Amboy Bus Company;
AMALGAMATED TRANSIT UNION LOCAL
1181-1061; JOHN DOES 3-10,

                   Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION
ORDER

07-CV-5325 (CBA)(LB)

AMON, United States District Judge:

On May 22, 2008, Magistrate Judge Lois Bloom issued a report and recommendation ("R&R") recommending that this case be dismissed pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) for plaintiff Herbert Aponte's failure to comply with discovery orders. In a letter dated May 26, 2008, which is construed herein as an objection to the R&R, Aponte claims that he was unaware of the scheduled discovery conference that he missed and requests that he be permitted to proceed. For the reasons that follow, Magistrate Judge Bloom's R&R is adopted and Aponte's case is dismissed with prejudice.

I.    Background

    A.    This Action

On December 14, 2007, Aponte filed this employment discrimination action. He stated in paragraph one of his complaint that his address was 34-20 24th Street, Astoria, New York, 11106. However, it appears that every piece of mail that was sent to Aponte at that address was returned to sender. The Court also found a second address listed on some of Aponte's other

-1-

filings, 599 Morris Avenue, Bronx, New York, 10451. It appears that mail sent to this address has not been returned, although Aponte did not specifically inform the Court that this was his correct address until his May 26, 2008 letter, the most recent filing in this case. The Court began mailing all correspondence to Aponte at both addresses as soon as it became aware of the Bronx address, and, on February 20, 2008, updated the docket sheet to reflect the Bronx address, not the Astoria address.

On February 20, 2008, Magistrate Judge Bloom attempted to hold an initial discovery conference pursuant to Federal Rule of Civil Procedure 16, but Aponte failed to appear. The next day, she issued an order directing Aponte to show cause in writing, by March 21, 2008, why he failed to appear at the initial conference. The order further directed him to provide his current address, and stated: "[p]laintiff is warned that if he fails to show good cause for his failure to appear at the 2/20/08 conference, the Court will dismiss his case for failure to comply with the Court's Orders." The February 21, 2008 Order was sent to Aponte at the Bronx address and was not returned to sender. When Aponte failed to respond to the Order, Magistrate Judge Bloom issued the first of two R&Rs, on April 4, 2008, recommending dismissal of this case for failure to comply with discovery orders pursuant to Rule 37(b)(2)(A)(v). Aponte re-emerged on April 10, 2008, seeking an extension of time within which to object to the April 4 R&R.

In light of Aponte's re-appearance, Magistrate Judge Bloom withdrew her April 4 R&R by Order dated April 16, 2008. In that Order, she stated, in bold print: "The Court gives plaintiff one last chance to timely appear for a rescheduled initial conference on May 21, 2008." She further warned: "If plaintiff fails to timely appear on 5/21/08, the Court will reinstate its Report and Recommendation and this case shall be dismissed under Rule 37(b)(2)(A)(v)." In addition,

she warned Aponte that the Court would not accept problems with mail as an excuse for any failure to appear. Unsurprisingly, Aponte failed to appear at the scheduled May 21 initial conference, although Magistrate Judge Bloom's April 16, 2008 Order was sent to his Bronx address and was not returned to sender. The next day, May 22, Magistrate Judge Bloom issued the instant R&R, again recommending dismissal pursuant to Rule 37(b)(2)(A)(v), and also recommending that the Court deny any subsequent motions for reconsideration. Aponte's May 26, 2008 letter followed, in which he states that he did not receive notice of the May 21, 2008 initial conference at his Bronx address, even though this was the very address to which it was sent. In addition, he claims that on May 15, 2008, he personally visited the *Pro Se* Clerk's office at 1:00 P.M., that no one was present to assist him, and that he gave up and left by 1:45 P.M. He further claims that after he left he attempted to call the *Pro Se* Clerk at (718) 260-2600, but that his calls went unanswered and unreturned.

B. Case No. 06-CV-0555

To put this case and Aponte's actions in perspective, it is necessary to reference an unrelated case that he filed pursuant to 42 U.S.C. § 1983.[1] In that complaint, Aponte listed his address to be 226 Lake of Pines, East Stroudsburg, PA, 18301. For well over a year-and-a-half, Aponte failed to provide a different address, and documents sent to this Pennsylvania address were consistently returned to sender. However, the Court noticed that a different return address appeared on Aponte's September 12, 2007 motion to reopen the case–the Astoria address with which he opened the instant case. Accordingly, the Court's records were updated to reflect this

---

[1] Aponte's section 1983 action was for false arrest and malicious prosecution stemming from events leading to his conviction for stalking and harassment. The stalking victim, Nicole Hobot, was named as one of the defendants therein.

"change" of address. The Astoria address proved no more successful in the 1983 action than in this one, as every piece of mail sent to Aponte by the Court at that address was also returned to sender.

The defendants sought to file a motion to dismiss, and a pre-motion conference was held on August 17, 2006, at which Aponte failed to appear. Defendants then filed their motion to dismiss on August 31, 2006, which Aponte failed to oppose. Shortly after his failure to oppose the motion, Magistrate Judge Bloom issued an order requiring Aponte to write to the Court and express an interest in pursuing the action. After he failed to respond, on November 13, 2006, the Court dismissed Aponte's section 1983 action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). At the time the action was dismissed, Aponte had not filed anything since February 21, 2006. On September 12, 2007, almost a year after dismissal and over a year-and-a-half after he last filed a document in that case, Aponte reemerged and requested that the court vacate its November 13, 2006 order pursuant to Federal Rule of Civil Procedure 60(b)(1).

By order dated November 19, 2007, the Court adopted Magistrate Judge Bloom's R&R, granting Aponte's motion and giving him 30 days within which to oppose the defendants' motion to dismiss. However, Aponte again failed to respond, and on December 26, 2007, the Court dismissed his section 1983 action for failure to prosecute for the second time. Judgment was entered by the Clerk of the Court on December 27, 2007, and Aponte failed to file a timely appeal. Nevertheless, On May 9, 2008, he again re-emerged, moving for reconsideration and claiming that he did not receive the Court's November 19, 2007 Order and that he only discovered that his case had been dismissed for the second time upon making his own inquiry into the status of the case. By Order dated May 16, 2008, the Court denied Aponte's motion for

reconsideration. The case remains closed.

II. Discussion

The Court reviews Magistrate Judge Bloom's R&R *de novo*. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Federal Rule of Civil Procedure 16(f) provides: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney ... fails to appear at a scheduling or other pretrial conference ... or fails to obey a scheduling order or other pretrial order." Rule 37(b)(2)(A)(v) provides that the court may sanction a party for failure to comply with a discovery order by "dismissing the action or proceeding in whole or in part." Because dismissal with prejudice is a harsh remedy, it can only be invoked when a court finds willfulness, bad faith, or some fault on the part of the litigant against whom the sanction is imposed. See Bobal v. Renssleaer Polytechnic Institute, 916 F.2d 759, 764 (2d Cir. 1990) (quoting Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986)). However, as the Supreme Court has noted, "'the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such deterrent.'" Valentine v. Museum of Modern Art, 29 F.3d 47, 49-50 (2d Cir. 1994) (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)). As Magistrate Judge Bloom observed, the sanction of dismissal "'may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal.'" (R&R at 2 (quoting Valentine, 29 F.3d at 49)).

Dismissal pursuant to Rule 37 is entirely appropriate in this case. Aponte has now twice

failed to comply with Magistrate Bloom's orders attempting to arrange an initial discovery conference. After he failed to attend the first discovery conference, he was explicitly warned that failure to demonstrate cause would result in dismissal pursuant to Rule 37. When he failed to do so, it was recommended that the case be dismissed. Then, after he belatedly reappeared and requested additional time to respond, Magistrate Judge Bloom gave Aponte a second chance to appear for an initial discovery conference, despite his failure to demonstrate good cause for violating her prior order. She again warned Aponte that failure to comply with her discovery orders would result in dismissal. He again failed to attend.

In his May 26 letter, Aponte makes three excuses for his failure to appear at the May 21 conference. He first claims that he did not receive Magistrate Judge Bloom's April 16, 2008 Order which scheduled that conference. However, that Order was sent to his Bronx address, the address that he now claims is correct. Moreover, it was not returned to sender. Aponte has been warned that problems with mail would no longer excuse his failure to comply with applicable orders. Second, Aponte claims that, on May 15, 2008, he visited the Clerk of the Court in person, and that he waited at the *pro se* counter for 45 minutes–from 1:00 P.M to 1:45 P.M–without being assisted. The described scenario strikes the Court as odd given that it is the practice of the *pro se* office to leave a sign with a telephone extension to call if the clerk manning the desk is required to step away. Even if it is true that there was no one there, it might have behooved Aponte to wait until after traditional lunch hours to gain assistance, or, if necessary, attempt to return another day, especially because, as he claims in the May 26 letter, his case is his "highest priority". Moreover, in any event, there are several public computer terminals adjacent to the *pro se* counter in the Clerk's office at which a litigant can enter his case's docket number

and view a full report of the case, including the full docket sheet and the full text of any of the Court's orders. Accordingly, this contention does not excuse Aponte's failure to appear at the conference. Third and finally, Aponte claims that he failed to learn of the May 21 conference despite attempting to call the *Pro Se* Clerk on the telephone. The number he claims to have called, (718) 260-2600, is a non-working telephone number. If dialed, a recorded message informs the caller that the number is no longer connected. The working number for the Clerk of this Court is (718) 613-2260, and is readily publicly available. Therefore, Aponte's contention that his phone calls went unanswered lacks credibility. Accordingly, all three of Aponte's arguments are unavailing, and he has failed to demonstrate that he was not at fault with respect to his most recent failure to abide by Magistrate Judge Bloom's orders.

Aponte's pattern of dilatory behavior in this case mirrors that which occurred in case 06-CV-0555. In both cases, Aponte filed a complaint, then generally disappeared, only to intermittently reappear, and, up until recently, narrowly avoid dismissal of the claims he had abandoned. In both cases, the Court has had to take it upon itself to attempt to uncover a working address for Mr. Aponte, who has provided several at which he apparently cannot receive mail. The Court will no longer waste public resources by allowing itself to be a participant in Aponte's game of hide-and-seek, or require opposing counsel to continually appear at conferences that Aponte misses. Accordingly, this case is dismissed.


## III. Conclusion

Magistrate Judge Bloom's Report and Recommendation is hereby adopted. This case is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to enter judgment and close this case.

SO ORDERED
Dated: Brooklyn, New York
    June 10, 2008

/S/

Carol Bagley Amon
United States District Judge